United States District Court
Northern District of California

1
2
3
4
5               IN THE UNITED STATES DISTRICT COURT
6         FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8   JONATHAN ANTHONY LEWIS TRUST, et al.,      Case No. 17-cv-02239-MMC

9               Plaintiffs,      **ORDER DENYING PLAINTIFFS'**
**EMERGENCY APPLICATION FOR**
10        v.                    **TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**
11   FLAGSTAR BANK FSB, et al.,

12               Defendants.      Re: Dkt. No. 21

13

14       Before the Court is plaintiffs Jonathan Anthony Lewis Trust and Karen Irene Lewis

15 Trust's "Emergency Application for a Temporary Restraining Order and Preliminary

16 Injunction," filed July 5, 2017, by which plaintiffs seek an order "restraining anyone or any

17 entity, including specifically [d]efendant Crowd Fund Investment Group, LLC . . . from

18 continuing with the prosecution of that certain action filed in Alameda County Superior

19 Court – Case No. RG16838956." (See Pls.' Appl. at 1-2.) Having read and considered

20 plaintiffs' application, the Court rules as follows.

21       Preliminary injunctive relief is only available to a plaintiff who establishes: (1) "he is

22 likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence

23 of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is

24 in the public interest." See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). "At

25 an irreducible minimum, . . . the moving party must demonstrate a fair chance of success

26 on the merits, or questions serious enough to require litigation." See Pimentel v. Dreyfus,

27 670 F.3d 1096, 1105-06 (9th Cir. 2012) (internal quotation, citation, and alteration

28 omitted).

In the instant case, plaintiffs have failed to make the requisite minimum showing. In particular, the Anti-Injunction Act "generally prohibits the federal courts from interfering with proceedings in state courts." See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 145 (1988). As set forth in said statute, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Acts of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See 28 U.S.C. § 2283. Here, plaintiffs do not explain how the relief they seek falls within one of the statutory exceptions listed in the Anti-Injunction Act, nor does any such exception otherwise appear applicable.

Accordingly, plaintiffs' application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 5, 2017

MAXINE M. CHESNEY
United States District Judge